Taylor, C. J.
delivered the opinion of the Court:
It is contended that the third will made by the direction of the testator, not conforming in any respect to the provisions of the act of 1784, relative to devises of land, cannot operate as a revocation of the former wills, which are effectual under that law. But after an attentive consideration of the arguments and authorities adduced in the case, we are of opinion, that, in point of law, the latter paper may operate *92 as a revocation pro tanto; and that it must have that effect, if, upon another trial of the issue, the Jury shall find the animum revocandi.
It is not to be doubted, that this case would receive a different determination under the statute of frauds and perjuries, the sixth clause of which requires a revoking will to be made with nearly all the solemnities which appertain to a devising one; but it must be remembered that the law of this state is silent as to the manner in which a will of land shall be revoked, and the statute of frauds never had operation here.
On this point, therefore, the common law, as it existed previously to the enactment of that statute, and as it exists at present, must furnish the rule. Now, according to that, any act or words of the testator, which evince an immediate purpose to revoke his will, must have that effect. As if one having made his will in writing and devised his lands to A, afterwards being sick and on his death bed, declared that he did revoke his will, and A should not have the lands given him by the will, or other like words, shewing the devisor’s intent to make an express revocation thereof; or if, speaking of his will, he had said, “I do revoke it, and be a witness thereof:” For these expressions would have shewn an immediate intention to revoke it.a
The case cited by the defendants’ counsel, from 2 Danvers 529, conveys the law directly applicable to this case: “If a “man devises land to another by his will, and after he "devises it to another by parol, though this be void as a will, “it is a revocation of the first will.”
So, in the present case, the paper which was written by the testator’s direction, being unsigned, unattested and not in his own hand-writing, cannot operate as a devise of the *93 lands described in it; but, as it indicates a clear purpose of making a different disposition of some of them, from that contained in his former wills, it so far operates as a revocation of them.
All the authorities concur, in ascertaining beyond a doubt, the right of a testator to revoke by parol a will of real estate, before the statute of 29 Car. 2. And it seems to be equally clear, from analogous constructions of that statute, that such right would have subsisted after it, if a special prohibition had not been introduced. Thus the fourth section of the statute requires certain agreements to be made in writing, but is silent as to the mode of revocation; yet it has been held that all those agreements may be revoked by parol.
All the cases relied upon by the counsel, to shew that a revocation is not effected here, have arisen since the statute, and are constructions of it, which, however just they maybe in relation to that law, cannot apply to a case to be tested by a different rule.
Whether it be not necessary to appoint solemnities for the revocation of a will, and thus guard against the perjury imposition, and disappoinment of testators’ wishes, which the present system may produce, is a question for the Legislature to decide. The province of this Court is limited by the duty of ascertaining, what that system is. Let there be a new trial.

 Dyer, 310.